IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:17-cv-00349-JAW |
| | ) |
| CEI COMMUNITY VENTURES FUND LLC, | ) |
| | ) |
| Defendant. | ) |

CONSENT ORDER OF RECEIVERSHIP,
INJUNCTIVE RELIEF AND MONEY JUDGMENT

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. With the consent of the Parties pursuant to the provisions of the Parties' Stipulation effective March 31, 2017 and the jurisdiction of this Court as reflected therein, this Court hereby takes exclusive jurisdiction of the CEI Community Ventures Fund, LLC ("CEI"), and all of its assets and property, of whatever kind and wherever located, and the U.S. Small Business Administration ("SBA") is hereby appointed Receiver ("the Receiver") of CEI to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of CEI's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the managing member, officers, directors, managers and any general and limited partners of CEI under applicable state and federal law, by the Limited Liability or Operating Agreement and other corporate governing documents of said limited liability company, in addition to all powers and authority of a receiver at equity,

1

and all powers and authority conferred upon a receiver by the provisions of Section 363 of the Small Business Investment Act and 28 U.S.C. § 754. The managing member and any trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of CEI are hereby dismissed and the powers of any managing members are hereby suspended. Such persons and entities shall have no authority with respect to CEI's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of CEI and shall pursue and preserve all of its claims.

   3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to CEI. The past and/or present managing member, officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of CEI, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to CEI and all of CEI's assets and all other assets and property of the limited liability company, whether real or personal. The managing member of CEI shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of CEI, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of CEI. Within thirty (30) days following the entry of this Order, the managing member of CEI shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of CEI are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known managing members, officers, directors, agents, employees, shareholders, creditors, debtors, managers, and any general and limited partners of CEI, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt or distribution to CEI shall, until further ordered by this Court, pay or otherwise fulfill all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if CEI had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions and to extend credit on behalf of CEI, to utilize SBA personnel, and to retain or employ such other persons as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants, advisors, brokers, and appraisers, and is further authorized to expend receivership funds to compensate such persons in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such persons. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to persons retained or employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate.

6. CEI's past and/or present managing member, officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of CEI, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to CEI. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings (excluding the instant proceeding), wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) CEI, (ii) any assets of CEI, (iii) the Receiver for CEI or (iv) CEI's present or past officers, directors, managers, general partner, or managing member (including any managers or members of such general partner or managing member) to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with CEI, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) CEI, (ii) any of assets of CEI, (iii) the Receiver for CEI or (iv) CEI's present or past officers, directors, managers, general partner or managing members (including the managers or members of such general partner or managing member) to the extent said civil legal proceedings involve any action taken in their official capacity for CEI are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

9. Further, as to a cause of action or claim accrued or accruing in favor of CEI against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action or claim.

10. CEI and its past and/or present managing member, directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of CEI to the detriment of CEI or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661 et. seq., or the regulations promulgated thereunder ("Regulations") in Part 108 of Title 13 C.F.R.

11. The Receiver is authorized to borrow up to $1,000,000 from the SBA on behalf of CEI and is authorized to cause CEI to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of CEI, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of CEI.

12. This Court determines and adjudicates that SBA has made a sufficient showing that CEI has violated the Act and the Regulations, as alleged in the Complaint filed against CEI in the instant action, to obtain the relief so requested.

13. That this Court enter judgment in favor of SBA and against CEI as follows:
   (1) in the principal amount of $7,754,771.67; and
   (2) interest through September 7, 2017, in the amount of $1,909,067.68; and
   (3) interest through the date of entry of judgment of $1,171.08 per day; and
   (4) post-judgment interest pursuant to 28 U.S.C. § 1961; less
   (5) any payments received on behalf of CEI Community Ventures Fund, LLC

**SO ORDERED.**

DATED this 14th day of September, 2017.


/s/ John A. Woodcock, Jr.
John A. Woodcock, Jr.
UNITED STATES DISTRICT COURT JUDGE

**SEEN, STIPULATED AND AGREED:**

CEI Community Ventures Fund, LLC, through its authorized representative

By: /s/ Nathaniel Henshaw

Title: President,
CEI community Ventures, Inc., Managing Member and
General Partner of CEI Community Ventures Fund, LLC

Date: August 17, 2017


U.S. Small Business Administration


By: /s/ Thomas G. Morris
Thomas G. Morris


Title: Director, Office of SBIC Liquidation